OPINION OF THE COURT
Hortense W. Gabel, J.
In this case, the court must determine whether the provisions of section 807 of the State Labor Law, frequently described as the State’s "little Norris-La Guardia Act”, preclude it from enjoining a strike or other withholding of services where a collective bargaining agreement contains provisions *752 which ban strikes and require the employer to submit grievances to binding arbitration at the election of the union.
The plaintiff Montefiore Hospital and Medical Center has applied for a preliminary injunction against the defendant Committee of Interns and Residents (CIR) to prohibit: (1) strikes, work stoppages or interruptions and the withholding of goods and services; (2) staff refusal to complete patient medical charts and (3) mass demonstrations near the hospital and unauthorized meetings at or within the hospital’s vicinity.
The hospital and the local chapter of the CIR are parties to an existing collective bargaining agreement dated October 1, 1976 which forbids strikes and compels the employer to submit grievances to arbitration at the election of CIR. Article XX of the agreement provides as follows: "Neither the Committee (CIR), Local Chapter, nor any House Staff Officer will, directly or indirectly, cause, engage, or participate in any strike, work stoppage, or work interruption during the life of this agreement”.
Section 1 (a) of article XV of the contract defines a grievance as a dispute regarding "the interpretation or application of the terms of the instant contract”.
Article XV also sets forth a three-step grievance procedure which requires the employer to submit grievance disputes regarding nonmedical affairs to arbitration as follows: (1) if the grievance is not resolved satisfactorily within 15 days of its presentation, the union may appeal to the House Affairs Committee of the Medical Board for evaluation and determination; (2) decisions of the House Staff Affairs Committee may be appealed to the Executive Director of the hospital;. (3) if the grievance is not resolved satisfactorily within 15 days, CIR "may submit the dispute to final and binding arbitration” (art XV 2 [c]).
The plaintiff alleges that since January 12, 1979, the CIR and its members have refused to complete patient medical charts in what is alleged to be a dispute over the potential layoff of members of the staff. This is disputed by the CIR which claims that it is refusing to submit discharge summaries to compel bargaining for a new agreement on the expiration of the current contract.
The plaintiff also alleges that on January 17, the CIR engaged in a one-day strike and threatened other work stoppages. This is also disputed by CIR which claims that it did not engage in or authorize a strike on January 17, 1979.
*753 Under Federal and State law, there is no doubt that the courts may enjoin a strike where an existing collective bargaining agreement bans strikes and compels arbitration by both sides. (Boys Markets v Clerks Union, 398 US 235; Thaddeus Suski Prods, v Vola, 47 Misc 2d 773, affd 24 AD2d 559.) I believe that a strike may also be enjoined where one side, the employer, is compelled to arbitrate.
In Boys Markets v Clerks Union (supra, p 248), the Supreme Court by Mr. Justice Brennan said: "[A] no-strike obligation, express or implied, is the quid pro quo for an undertaking by the employer to submit grievance disputes to the process of collective bargaining.” (Emphasis added.)
In this case, the quid pro quo is the union’s surrender of its right to strike in exchange for the right to compel the employer to arbitrate at the union’s election. This mandatory requirement is sufficient to remove this dispute from the purview of section 807 of the Labor Law. Certainly the union’s failure to exercise that right does not bring it within the scope of that statute. Employee’s Labor Assn. v Procter & Gamble Mfg. Co. (172 F Supp 210) does not support defendant’s contention that the instant agreement is discretionary and therefore subject to section 807 of the Labor Law since in that case arbitration was available only to "any issue or issues stipulated by the Employer and the Union” (Employee’s Labor Assn. v Procter & Gamble Mfg. Co., supra, p 212) and the arbitrators were given authority to determine only such disputes as might be voluntarily submitted by both sides. The fact that article XV uses the verb "may” instead of "shall” is of no significance since the employer must submit to arbitration at the union’s demand. The command is controlling and not the language.
Having determined that section 807 is not applicable, this court must then "consider whether issuance of an injunction would be warranted under ordinary principles of equity— whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance.” (Boys Markets v Clerk’s Union, supra, p 254, citing Sinclair Reñning Co. v Atkinson, 370 US 195, 228.)
Applying the principles of equity set forth above, this court denies that part of the application for an injunction to forbid *754 strikes or other work stoppages since there is barely proof that the union engaged in a strike on January 17, 1979 nor is there reason to believe that there is any current threat to strike at this time.
Plaintiff has pointed to the decision in the case of New York City Health & Hosps. Corp. v Committee of Interns & Residents, January 17, 1979, in which this court ruled that the failure of doctors to prepare and file Medicare and Medicaid forms was not extreme enough to be considered a work stoppage within the meaning of the Taylor Law.
However, failure to complete patient medical charts or to prepare "discharge summaries” may do severe and perhaps irreparable harm to the patients under the hospital’s care and thus to the hospital and is "extreme” enough to be considered a work stoppage. Whether the work stoppage be deemed a grievance or a device to force variation in the terms of a future contract it is clearly subject to the strike ban provision of the current agreement. In that regard injunctive relief is warranted. The union, the local chapter and members of the house staff are enjoined from refusing to complete medical patient charts and discharge summaries during the pendency of this action.
Since plaintiff has submitted no evidence of mass demonstrations and "unauthorized meetings”, there is no need to rule on the constitutional aspects of these allegations and injunctive relief is thereupon denied.
Settle order providing for an appropriate undertaking.